2006 OK CR 10

**Julius Darius JONES, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. D–2002–534.

Court of Criminal Appeals of Oklahoma.

March 14, 2006.

### ORDER GRANTING REHEARING BUT DENYING RECALL OF THE MANDATE

¶ 1 Appellant filed a Petition for Rehearing and Motion to Recall the Mandate in the above-styled appeal on February 16, 2006. He requests reconsideration of this Court's decision affirming his conviction for first-degree murder and sentence of death. *See Jones v. State*, 2006 OK CR 5, 128 P.3d 521 (Okl.Cr. January 27, 2006).

¶ 2 A petition for rehearing is governed by Rule 3.14, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2006). According to Rule 3.14, a Petition for Rehearing shall not be filed as a matter of course, but only for two reasons:

1. Some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

2. The decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

¶ 3 In seeking rehearing, Appellant claims that (1) this Court did not apply the proper standard for reviewing the sufficiency of evidence to support the aggravating circumstances (Proposition 15 of Appellant's Brief); (2) this Court failed to address his claim that the State improperly relied on certain prior convictions to support the "continuing threat" aggravating circumstance (Proposition 15 of Appellant's Brief); and (3) this Court's resolution of his ineffective-counsel claim is in conflict with *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (Proposition 8 of Appellant's Brief).

■ ¶ 4 As to the first claim, in the Opinion, this Court rejected Appellant's contention that the evidence was insufficient to support the jury's finding of the two aggravating circumstances alleged by the State. In so doing, this Court applied the test used in *Ryder v. State*, 2004 OK CR 2, ¶ 74, 83 P.3d 856, 873, and many other cases, *i.e.*, "whether there was any competent evidence to support the State's charge that the aggravating circumstance existed." *Jones*, 2006 OK CR 5 at ¶ 97, 128 P.3d 521. Appellant complains that this test does not comport with the standard test for sufficiency of evidence in criminal cases, *i.e.*, whether any rational trier of fact could have found the existence of the prerequisite facts beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781–83, 110 S.Ct. 3092, 3102–04, 111 L.Ed.2d 606 (1990) (applying the *Jackson* standard in federal *habeas* review of evidentiary sufficiency for aggravating circumstances in state-court capital cases).

■ ¶ 5 We agree that the latter test is better formulated to emphasize the fundamental standard of review in criminal cases. *See Powell v. State*, 1995 OK CR 37, 906 P.2d 765 (Order Granting Rehearing at ¶ 3), 906 P.2d 765, 784 (where this Court adopted the *Jackson/Jeffers* standard in reviewing the sufficiency of the evidence to support capital aggravating circumstances). Applying it to the facts in this case, however, does not affect the outcome. In the Opinion, this Court detailed the evidence which tended to support the State's claim that Appellant (1) created a great risk of death to more than one person, and (2) posed a continuing threat to society. We will not repeat those facts here. *See Jones*, 2006 OK CR 5 at ¶¶ 95–102, 128 P.3d 521. The evidence was such that a rational trier of fact could have found the existence of both aggravating circumstances beyond a reasonable doubt. *DeRosa v. State*, 2004 OK CR 19, ¶ 85, 89 P.3d 1124, 1153. No relief is warranted here. *Powell*, 1995 OK CR 37, 906 P.2d 765 (Order Granting Rehearing at ¶ 3), 906 P.2d at 784.

■ ¶ 6 Appellant's second claim on rehearing is that this Court did not address his challenge to the use of his non-violent criminal history in the punishment stage of his capital trial. In his brief, Appellant correctly observed that prior offenses can be used to support the "continuing threat" aggravating circumstance only if they "indicate the likelihood of future violence." *See Torres v. State*, 1998 OK CR 40, ¶ 70, 962 P.2d 3. Appellant claimed that some of his extensive criminal history was comprised of convictions for offenses which did not meet this criterion.[1] Appellant's Brief at pp. 81–82. However, Appellant did not actually contend that these convictions affected the jury's findings on sentencing. Instead, Appellant turned to what he considered to be the "[m]ore problematic" issue of whether various unadjudicated offenses were properly admitted, *id.* at 82–85, and concluded that, "[e]xcluding the inadmissible evidence," the evidence of unadjudicated violent acts was insufficient to support the continuing-threat aggravator. *Id.* at 85.

1. Whether a crime meets this criterion depends not just on whether it could be labeled a "property crime," but on all the circumstances surrounding the offense. *See e.g. Medlock v. State*, 1994 OK CR 65, ¶ 41, 887 P.2d 1333, 1346. In *Medlock*, the defendant contended his prior crimes of burglary and arson could not support the "continuing threat aggravator" because they were nonviolent crimes. After reviewing the circumstances surrounding those crimes, this Court disagreed. The defendant had entered a neighbor's apartment and set it on fire. Although no one was in fact injured in the blaze, the conduct placed the safety of others at risk.

¶ 7 In short, Appellant made an observation about some of the second-stage evidence, but did not claim, much less attempt to demonstrate, that the introduction of that evidence unfairly prejudiced him. The claim has therefore been waived. *Powell v. State,* 2000 OK CR 5, ¶ 135, 995 P.2d 510, 537; *Bernay v. State,* 1999 OK CR 37, ¶ 21, 989 P.2d 998, 1007. Had Appellant actually developed such an argument, it would have failed. Appellant's criminal history was replete with the use and threat of violence: armed robbery, carjackings, assault. The continuing-threat aggravator was further supported by the nature of the instant offense: Appellant's unabashed willingness to use deadly force, once again, to obtain property. Any arguably non-violent offenses did not improperly affect the jury's finding of the continuing threat aggravator, and the balance of the evidence amply supported it. No relief is warranted.

¶ 8 Finally, Appellant reiterates his claim that trial counsel denied him the right to present a defense by not calling certain alibi witnesses, and claims this Court failed to squarely address every single facet of his multi-faceted argument on that issue. This issue was thoroughly examined, first via remand to the trial court for an evidentiary hearing, and then by this Court in the Opinion. Appellant's reliance on *Chambers v. Mississippi,* 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973) in this context is inapposite, and his accusation that trial counsel "wholly failed" to present defense evidence is simply wrong. Appellant was certainly entitled to a "fair opportunity to defend against the State's accusations," *Chambers, id.,* and indeed, he and his counsel exercised that opportunity. The fact that counsel chose one alibi witness over others was a strategically sound decision for reasons we explained in the Opinion. *See Jones,* 2006 OK CR 5 at ¶¶ 77–81, 128 P.3d 521. Appellant has not demonstrated that evidence of patently conflicting alibis would have been helpful to his cause in either phase of trial. No relief is warranted.

¶ 9 Accordingly, we find that the Petition for Rehearing should be, and hereby is, **GRANTED.** The Motion to Recall the Mandate is, however, **DENIED.**

¶ 10 **IT IS SO ORDERED.**

¶ 11 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 14th day of March, 2006.

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Vice–Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Steven W. Taylor
STEVEN W. TAYLOR, Judge